## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JAMES SMITH**                                                    **CIVIL ACTION**

**VERSUS**                                                              **No. 22-556**

**GEOVERA ADVANTAGE INSURANCE**                    **SECTION I**
**SERVICES, INC.**

## ORDER & REASONS

Before the Court is defendant GeoVera Advantage Insurance Services, Inc.'s ("GeoVera Advantage") motion[1] to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The motion was submitted on May 4, 2022, and plaintiff James Smith ("Smith") has filed no opposition. Accordingly, the Court deems the motion to be unopposed. For the reasons that follow, the Court will grant the motion.

## I.

Smith commenced this action on February 1, 2022 in the Orleans Parish Civil District Court.[2] In his state court petition, Smith alleges that his property sustained substantial damage during Hurricane Ida.[3] Smith alleges that GeoVera Advantage provided insurance policy coverage for the property, which covered wind, rain, and hurricane damage.[4] He alleges, among other things, that GeoVera Advantage has

---

[1] R. Doc. No. 4.

[2] R. Doc. No. 1-2.

[3] *Id.* at 2 ¶ 5.

[4] *Id.* at 2 ¶ 6.

failed to timely tender the amount due on Smith's claim, despite having received satisfactory proof of loss and having had sufficient time to investigate Smith's loss.[5]

In the instant motion, GeoVera Advantage asserts that it was not served with Smith's petition while this action was pending in state court, but that it became aware of the action and removed the action to federal court on March 4, 2022.[6] GeoVera Advantage asserts that it is improperly named as defendant in this action, because GeoVera Advantage is not an insurance company and did not issue an insurance policy to Smith.[7]

## II.

Pursuant to Rule 12(b)(6), a district court may dismiss a complaint or part of a complaint when a plaintiff fails to set forth well-pleaded factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007); see *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"In ruling on a Rule 12(b)(6) motion, the court is required to consider facts alleged in the operative complaint and 'written instruments' attached to it." *Allen v. Hays*, 812 F. App'x 185, 189 (5th Cir. 2020) (citing Fed. R. Civ. P. 10(c); *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). "The court may further consider

---

[5] *Id.* at 3 ¶ 13.

[6] R. Doc. No. 4-1, at 1.

[7] *Id.* at 1–2.

documents *attached to the Rule 12(b)(6) motion* 'that are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Id.* (quoting *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010)) (emphasis in original).

### III.

GeoVera Advantage asserts that it is improperly named as defendant in this action because it did not issue an insurance policy to plaintiff.[8] In support of this contention, GeoVera Advantage submitted a document entitled "Amended Policy Declarations" ("the Policy"), which reflects that GeoVera Specialty Insurance Company ("GeoVera Specialty") provided the insurance coverage at issue to Smith.[9] GeoVera Advantage asserts that it is an insurance claims processor that merely processes claims on behalf of GeoVera Specialty, and that GeoVera Advantage and GeoVera Specialty are separate and distinct entities.[10] Accordingly, GeoVera Advantage submits that Smith has not asserted a claim against GeoVera Advantage upon which relief can be granted.[11]

Although the Policy was not attached to Smith's state court petition, the Court concludes that it is proper to consider the Policy because it is referred to in the petition and it is central to plaintiff's claim. *Allen*, 812 F. App'x at 189. Because the Policy reflects that GeoVera Advantage did not provide the relevant insurance coverage, and because plaintiff has not disputed this fact, nor provided any opposition

---

[8] *Id.* at 1–2.

[9] R. Doc. No. 4-3.

[10] R. Doc. No. 4-1, at 2.

[11] *Id.*

to the instant motion, the Court concludes that plaintiff has not stated a claim upon which relief can be granted. Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and that plaintiff's claims are **DISMISSED.**.

New Orleans, Louisiana, May 10, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

4